IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| Kenneth Manfredi and Kenneth Buzzi, | : |
| | : Civil Action No.: _____ |
| Plaintiffs, | : |
| v. | : |
| | : **COMPLAINT** |
| Stephens & Michaels Associates, Inc.; and | : **JURY TRIAL DEMANDED** |
| DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |

For this Complaint, the Plaintiffs, Kenneth Manfredi and Kenneth Buzzi, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This Court has original jurisdiction over Plaintiff Kenneth Manfredi's TCPA claims. Mims v. Arrow Fin. Serv., LLC, 132 S.Ct. 740 (2012).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

5. The Plaintiff, Kenneth Manfredi ("Mr. Manfredi"), is an adult individual residing in Evans, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. The Plaintiff, Kenneth Buzzi ("Mr. Buzzi," and together with Mr. Manfredi "Plaintiffs"), is an adult individual residing in Boynton Beach, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Stephens & Michaels Associates, Inc. ("Stephens"), is a New Hampshire business entity with an address of 7 Stiles Road, Salem, New Hampshire 03079 , operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

8. Does 1-10 (the "Collectors") are individual collectors employed by Stephens and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

9. Stephens at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

10. A third party other than Plaintiffs (the "Debtor") allegedly incurred a financial obligation in the approximate amount of $3,000.00 (the "Debt") to Maryland Bank, N.A. (the "Creditor").

11. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

12. The Debt was purchased, assigned or transferred to Stephens for collection, or Stephens was employed by the Creditor to collect the Debt.

13. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Stephens Engages in Harassment and Abusive Tactics**

14. Within the past year, Defendants contacted Plaintiffs in an attempt to collect the Debt.

15. On or about March 14, 2012, Defendants placed a call to Plaintiff Kenneth Manfredi's cellular telephone line and spoke to Mr. Manfredi's wife, who was in possession of Mr. Manfredi's telephone that day. During this conversation, Defendants stated that it was calling regarding a legal matter with criminal implications for Mr. Manfredi.

16. The next day, Defendants called Mr. Manfredi's cellular telephone again. The collector claimed that he was researching a personal matter involving money owed to him and claimed that criminal charges may be filed against Mr. Manfredi.

17. Defendants failed to identify the name of the debt collecting entity to Mr. Manfredi and to inform him that the communication was an attempt to collect a debt and everything he said would be used for that purpose.

18. When Mr. Manfredi asked if the caller was a debt collector, the collector denied same and stated that he was calling from a legal department. When Mr. Manfredi asked the collector if he was an attorney, the collector stated that he was an attorney.

19. During this communication and every communication thereafter, Mr. Manfredi disputed the Debt, stating that the Debt was outside the applicable statute of limitations and explaining that his daughter had opened a credit card in his name without Mr. Manfredi's

knowledge and consent.  Mr. Manfredi added that his daughter had informed the Creditor about her action.

20. In response, Defendants claimed that Mr. Manfredi was still liable for the Debt.

21. Defendants also threatened to immediately file a lawsuit against Mr. Manfredi if he did not immediately pay the Debt.

22. Defendants also claimed that a state attorney's office would indict Mr. Manfredi of stealing money from the Creditor in an attempt to intimidate Plaintiff into paying the Debt. The above threat is false and misleading since Defendants do not have a present ability to bring action on a debt that is past the statute of limitations.

23. Mr. Manfredi informed Defendants that he had no intention to pay the Debt and demanded that Defendants cease all communications with him.  Mr. Manfredi also informed Defendants that each telephone call caused additional charges to be made to his cellular telephone bill.

24. In March 2012, Defendants also began placing numerous calls to Plaintiff Kenneth Buzzi, Mr. Manfredi's friend, at his residential telephone.

25. During these conversations, Defendants disclosed the Debt to Mr. Buzzi and claimed that there was a pending legal matter against Mr. Manfredi and that Mr. Manfredi was "in a lot of trouble."

26. During the initial conversation and every conversation thereafter, Mr. Buzzi asked that Defendants cease all communications with him, stating that Mr. Manfredi did not reside with him and could not be reached at this telephone number.  Mr. Buzzi also informed Defendants that his wife was ill and the calls were stressful to her.

27. Defendants repeatedly promised to remove Mr. Buzzi's telephone number from their calling list. Despite this, Defendants continued to call at an excessive and harassing rate.

28. Defendants' repeated calls to Mr. Buzzi's residence caused great deal of distress, annoyance and frustration to Mr. Buzzi and his wife.

29. Soon thereafter, Mr. Manfredi mailed a cease-and-desist letter to Defendants instructing Defendants to cease all communications with Plaintiffs.

30. Defendants quit calling for approximately a month, but soon resumed placing calls to Plaintiffs. In fact, in August 2012, Defendants called Mr. Buzzi approximately twelve times within a two-week period.

31. Additionally, Defendants placed automated calls with pre-recorded voice messages on Mr. Manfredi's cellular phone line without his consent, in an attempt to collect the Debt.

32. Further, Defendants failed to inform Mr. Manfredi of his rights under the state and federal laws by written correspondence within five days after the initial communication, including the right to dispute the Debt.

### C. Plaintiffs Suffered Actual Damages

33. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

34. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

35. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

36. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

38. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

39. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Mr. Manfredi's debt and stated that Mr. Manfredi owed a debt.

40. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Mr. Manfredi's debt on numerous occasions, without being asked to do so.

41. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiffs, the Mr. Manfredi's attorney, or a credit bureau.

42. The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiffs after having received written notification from Mr. Manfredi to cease communication.

43. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

44. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

45. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to Mr. Manfredi without disclosing the identity of the debt collection agency.

46. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

47. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

48. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

49. The Defendants' conduct violated 15 U.S.C. § 1692e(7) in that Defendants falsely misrepresented that Mr. Manfredi had committed a crime, in order to disgrace Mr. Manfredi.

50. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

51. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

52. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

53. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

54. The Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390, et seq.

55. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The Plaintiffs are each a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6).

57. Mr. Manfredi incurred a Debt as a result of engaging into "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

58. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

59. The Plaintiffs suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

60. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiffs are entitled to damages plus reasonable attorney's fees.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

61. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. Without prior consent, the Defendants contacted Mr. Manfredi by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

63. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

64. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

65. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

67. Georgia further recognizes the Plaintiffs' right to be free from invasions of privacy, thus Defendant violated Georgia state law.

68. The Defendant intentionally intruded upon Plaintiffs' right to privacy by continually harassing the Plaintiffs with numerous calls.

69. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

70. As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

71. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT V
## PUBLIC DISCLOSURE OF EMBARRASSING PRIVATE FACTS

72. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. The acts, practices and conduct engaged in by the Defendants and complained of herein constitutes a public disclosure of embarrassing private facts about Mr. Manfredi under the Common Law of the State of Georgia.

74. The facts disclosed to the public have been private and their public disclosure is offensive and objectionable to a reasonable person.

75. Mr. Manfredi has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(a) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Treble damages pursuant to O.C.G.A. § 10-1-399(c) against Defendants;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d) against Defendants;

5. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

7. Punitive damages pursuant to O.C.G.A. § 10-1-399(a) against Defendants; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 4, 2013.

Respectfully submitted,

By: /s/ Cara Hergenroether
Georgia Bar No. 570753
Attorney for Plaintiffs
Kenneth Manfredi and Kenneth Buzzi
LEMBERG & ASSOCIATES L.L.C.
1400 Veterans Memorial Highway
Suite 134, #150
Mableton, GA 30126
Telephone: (855) 301-2100 ext. 5516
Email: chergenroether@lemberglaw.com

Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

11